UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

United States Courts
Southern District of Texas
FILED

MAR 2 - 2010

, Clerk of Court

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | CRIMINAL NO. C-10-020(1) |
| v. | § | |
| | § | |
| ARTURO APAC | § | |

## MEMORANDUM OF PLEA AGREEMENT

1. The Defendant knowingly and voluntarily agrees with the United States, through the United States Attorney for the Southern District of Texas, through the undersigned Assistant U.S. Attorney to plead guilty to Counts ONE, THREE, and FOUR of the above-numbered indictment.

2. Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure and in consideration for the Defendant's plea of guilty and truthful testimony to the Court at the time of the Defendant's re-arraignment and sentencing and for the Defendant's truthful rendition of facts to the U.S. Probation Department for the preparation of the Defendant's Pre-sentence Investigation Report, the Government will recommend the Defendant be given maximum credit for acceptance of responsibility and a sentence of imprisonment at the lowest end of the applicable guideline range. In addition, the Government will move to dismiss Count TWO of the indictment at the time of sentencing.

3. Furthermore, should the Defendant provide substantial assistance to the Government as outlined in U.S. Sentencing Guidelines, Section 5K1.1 and 18 U.S.C. 3553(e) the Government will recommend to the Court a reduction in the Defendant's sentence and recommend a sentence

1

commensurate with the value, completeness, and truthfulness of the Defendant's information. This agreement does not obligate the Government Attorney to make a motion for downward departure if in the Government Attorney's evaluation the Defendant had not provided substantial assistance. Substantial assistance is understood by both parties to require good faith during all phases of the cooperation period, to include complete and honest debriefing which assists in the investigation or prosecution of other individuals, and complete and truthful testimony at subsequent trials when needed. In this connection, it is understood the Government's determination of whether the Defendant has cooperated fully and provided substantial cooperation, and the Government's assessment of the value, truthfulness and completeness of the Defendant's cooperation are solely within the judgment and discretion of the Government and shall be binding upon the Defendant. The Defendant agrees and understands that the decision whether to file such a motion rests within the sole discretion of the Government, and that the decision whether to grant such a motion rests solely with the Court.

4. Pursuant to §1B1.8 of the Sentencing Guidelines, the Government agrees to recommend to the Court that any information tendered by the Defendant during debriefing sessions with the Government, to the extent that such information was unknown to the Government prior to the debriefings, not be utilized in the calculation of his sentencing guideline range.

5. Neither the Government nor any law enforcement officer can or does make any promises or representations as to what sentence will be imposed by the Court.

6. The defendant is aware that the sentence will be determined with reference to the United States Sentencing Commission's *Guidelines Manual* (U.S.S.G.). Defendant acknowledges and agrees

2

that the Court may impose any sentence of (1) not less than 20 years and up to and including Life imprisonment, which is the maximum term provided for a violation of 21 USC § 846, 841(a)(1) and 841 (b)(1)(A) on Count ONE; (2) up to and including 20 years imprisonment, which is the maximum term provided for a violation of 18 USC §1956 on Count THREE; and (3) up to and including 10 years imprisonment, which is the maximum term provided for a violation of 8 USC 1324 on Count FOUR, and that the sentence to be imposed is within the sole discretion of the Court in accordance with the Sentencing Reform Act of 1984, 18 USC § 3553(a)(1) and (2), and § 3661. If the Court should impose any sentence up to the maximum established by statute, defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

7. Defendant is aware that a sentence has not yet been determined by the Court. The defendant is also aware that any estimate of the probable sentencing range under the sentencing guidelines that he/she may have received from his/her counsel, the United States or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office or the Court. The defendant understands that the sentencing range is <u>advisory only</u>, therefore the Court may impose a sentence that is lower or higher than that range. The United States does not make any promise or representation concerning what sentence the defendant will receive.

8. The United States reserves the right to carry out its responsibilities under guideline sentencing. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a pre-sentence report;

(b) to set forth or dispute sentencing facts or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with defendant's counsel and the Probation Office; and,

(d) to file a pleading relation to these issues, in accordance with U.S.S.G. Section 6A1.2.

9. Should it be judged by the Government the Defendant has committed or attempted to commit any additional crimes from the date of the Defendant's signing of this plea agreement to the date of the Defendant's sentencing, the Government will be released from its obligations to recommend credit for acceptance of responsibility and/or to move for a reduction in sentence for substantial assistance and is free to argue for any sentence with statutory limits. Such a breach by the Defendant will not release the Defendant from his plea of guilty and the terms of this plea agreement. Furthermore, the Defendant will be subject to prosecution for all criminal activity, including perjury, false statement, and obstruction of justice, which is attempted or committed subsequent to the signing of this agreement by the Defendant. The Defendant further understands and agrees the special assessment is due and payable to the U.S. District Clerk's Office immediately following the Defendant's sentencing.

10. The Defendant agrees to forfeit whatever interest he has in assets related to this case. The Defendant agrees to waive any and all interest in any asset that is the subject of any related administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal.

Specifically, the Defendant agrees and stipulates to waive any and all interests, rights and claims, of any nature or kind whatsoever, that he, or his business, Execair LLC, may have or could ever assert to all property which is the subject of the related judicial forfeiture action, Civil Action No. H-09-3239, namely: $304,500.00 U.S. Currency, and 1972 Cessna 421B Golden Eagle Aircraft, Bearing Tail No. N561RC.

The Defendant stipulates and agrees that the Defendant Property in Civil Action No. H-09-3239, also listed in the Notice of Forfeiture in the Indictment, constitutes or was derived from proceeds traceable to conspiracy to possess with intent to distribute cocaine as charged in Count One in the Indictment. The Defendant further stipulates that the 1972 Cessna 421B Golden Eagle Aircraft, bearing Tail No. N561RC, was used to facilitate his drug-trafficking activities as charged in Count One of the Indictment, and was involved in money laundering, as charged in Count Three of the Indictment. The Defendant stipulates he formed Execair LLC, the named owner of the 1972 Cessna Aircraft in Civil Action No. H-09-3239, for his use and benefit, to further his unlawful drug trafficking and money laundering activities. The Defendant stipulates he is the sole owner and manager of Execair, LLC. The Defendant stipulates that he purchased the above 1972 Cessna Aircraft, through Execair, LLC, with proceeds obtained from distributing unlawful controlled substances, and used the 1972 Cessna Aircraft to transport unlawful controlled substances and unlawful proceeds from the sale of controlled substances on several occasions.

The Defendant agrees to forfeit the Defendant Property named in Civil Action No. H-09-3239, to the United States of America, and further agrees to immediately execute any requested documents, including but not limited to a: confession of judgment, withdrawal of claim, and/or agreed final order of forfeiture, both individually, and on behalf of Execair, Inc.

The Defendant further agrees to the forfeiture of the 1975 Cessna C-310R, Twin Engine, Tail #N87397, bearing Serial Number 310R0545, seized on December 17, 2009. The Defendant stipulates and agrees that the factual basis for his guilty plea supports the forfeiture of the above-described 1975 Cessna C-310R, as both property derived from drug proceeds and as facilitating property under 21 U.S.C. § 853, as set forth in the Notice of Forfeiture in the Indictment. The

Defendant agrees to immediately execute any requested documents, including but not limited to, an agreed preliminary order of forfeiture and/or agreed final order of forfeiture.

The Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and basis for the forfeiture, and signing any other documents necessary to effectuate such transfer.

11. Defendant stipulates and agrees that the factual basis for his guilty plea supports the forfeiture of at least $500,000.00. Defendant agrees to a personal money judgment of $500,000.00 against him and in favor of the United States of America. Defendant stipulates and admits that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists. Defendant agrees to forfeit any of Defendant's property, or Defendant's interest in any property, up to the value of any unpaid portion of the money judgment, until the money judgment is fully satisfied. Defendant and United States agree that the net proceeds recovered from the forfeiture of property will be credited against the money judgment.

Defendant waives the right to challenge the forfeiture of property, in any manner, including by direct appeal or in a collateral proceeding.

Defendant consents to the order of forfeiture becoming final as to the Defendant immediately following this guilty plea pursuant to Fed.R.Crim. P. 32.2(b)(3).

_____      3/1/10
ARTURO APAC                           Date
Defendant

_____     3/1/10
DAVID CANO                              Date
Attorney for Defendant


JOSE ANGEL MORENO
UNITED STATES ATTORNEY

By: _____     3-2-10
      JULIE K. HAMPTON          Date
      Assistant United States Attorney